**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FREDDIE FRANCIS, JR. | ) NO. ED CV 17-283-SJO(E) |
| Plaintiff, | ) |
| v. | ) ORDER TO SHOW CAUSE |
| UNITED STATES OF AMERICA, et al., | ) |
| Defendants. | ) |

Plaintiff, a federal prisoner, filed this action on February 15, 2017. On March 3, 2017, the Court issued an "Order Dismissing Complaint with Leave to Amend." On May 1, 2017, Plaintiff filed a First Amended Complaint.

On May 22, 2017, the Court issued an "Order Dismissing First Amended Complaint with Leave to Amend." On June 22, 2017, Plaintiff filed a Second Amended Complaint.

On June 23, 2017, the Magistrate Judge issued an "Order Directing Service of Process of Second Amended Complaint by the United States

Marshal" authorizing service of the Summons and Second Amended Complaint on Defendants: (1) J. Esquetini, M.D.; (2) Dr. Snell, M.D.; (3) Dr. Wolverton, M.D.; and (4) Dr. Quinn, M.D., in their individual capacities.

Subsequently, four "Process Receipt and Return" (Form 285) forms were filed. Two forms indicate that the Marshals Service was unable to serve Defendants Snell and Quinn and bear the notation "no longer employed there." The form concerning Defendant Wolverton bears a check in a box certifying that the process server allegedly was unable to locate Defendant Wolverton, but also bears the name of a "Legal Analyst" who purportedly was served on "10-19-18." The form concerning Defendant Esquetini bears no check in any of the boxes provided for indicating the method of service or whether service was accomplished, but also bears the name of the "Legal Analyst" who purportedly was served on "10-19-18." Upon the Court's inquiry, the Marshals Service advised the Court that the "Legal Analyst" assertedly was served personally on January 19, 2018 and that the check in the box on the form showing an inability to locate Defendant Wolverton supposedly was a mistake.

The Court observes that personal service on a "Legal Analyst" does not equate with personal service on any Defendant. Thus, the alleged presentation of the Summons and Second Amended Complaint to the "Legal Analyst" would not appear to have effected proper service on any Defendant. No Defendant has appeared in the action.
///
///

Therefore, within thirty (30) days of the date of this Order, Plaintiff shall show cause, if there be any, why the action should not be dismissed for failure to prosecute and failure to effect timely service. See Fed. R. Civ. P. 4(m). Plaintiff must attempt to show such cause by filing a declaration signed under penalty of perjury. Failure timely to comply with this Order may be deemed consent to the dismissal of this action.

DATED: March 8, 2018.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE